IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| HEON JONG YOO,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§   Case No. 6:21-cv-415-JDK-KNM<br>§<br>§   Criminal Case No. 6:18-cr-16<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Heon John Yoo, proceeding pro se, moved to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. This case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

In his motion to vacate or correct his sentence, Movant asserts in short that: (1) he was detained in the Smith and Gregg County jails without adequate resources, which made it impossible to represent himself and defend his case, and he was denied bail and subpoenas; (2) 18 U.S.C. § 924(a)(1)(A) is void for vagueness; (3) his prosecution was malicious, vindictive, and selective; and (4) the jury was biased by local news coverage and the Court improperly denied a motion to change venue.

On May 16, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the motion and dismiss the case with prejudice.

1

Judge Mitchell also recommended that a certificate of appealability be denied. Docket No. 23. Petitioner timely objected. Docket No. 24.

### A.

Movant was convicted on eight counts under the Gun Control Act—seven counts of making a false statement to a federally licensed gun dealer, in violation of 18 U.S.C. §924(a)(1)(A), and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §922(g)(4). He was sentenced to 97 months' imprisonment. The conviction for possession of a firearm by a prohibited person was reversed on appeal, but the other seven counts were upheld. *United States v. Yoo,* 813 F. App'x 949, 954 (5th Cir. 2020). On remand, Movant was resentenced to 41 months on each count, to be served concurrently, followed by a three-year term of supervised release. Movant has advised the Court that on July 30, 2021, he was deported to the Republic of Korea, where he currently resides.

The facts of the case, in brief, show that Movant was involuntarily committed to mental health facilities in New Jersey, on a temporary basis, on two different occasions. In January of 2016, he attempted to purchase firearms but was denied because the National Instant Criminal Background Check System ("NICS") revealed that Movant had been "adjudicated as mental defective/committed to a mental institution." *Id.* at 950. Movant continued to attempt to purchase firearms, often successfully. Each time he made a purchase, he had to complete Form 4473, issued by the Bureau of Alcohol, Tobacco, and Firearms. One of the questions on the form asked about citizenship, and on seven occasions, Movant stated that he was a citizen of the United States. *Id.* at 951.

On appeal, Movant argued that there was insufficient evidence that the gun dealers were federally licensed and that there was insufficient evidence to show that he had made a false statement by selecting "USA" in response to the question concerning country of citizenship. The Fifth Circuit concluded that the evidence was sufficient to show that the dealers involved were federally licensed and that one can become a "national" only by birth or by completing the naturalization process, but since Movant did not fit either prong, the evidence was sufficient to show that Movant was not a national of the United States. *Id.* at 951–52.

## B.

Movant's first argument in his objections states: "I assert that my claim also includes 'actual innocence claim.'" Docket No. 24 at 1. As Judge Mitchell's Report observed, a "fundamental miscarriage of justice" refers to the conviction of a person who is actually innocent. *United States v. Sorrells*, 145 F.3d 744, 749 n.3 (5th Cir. 1998). A movant does not meet the threshold requirement of actual innocence unless he shows that in light of newly discovered evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Examples of such "new reliable evidence" include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial. *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, the Report explains, the actual innocence exception is limited to cases in which the movant shows, as a factual matter, that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Although Movant asserts an actual innocence claim, he offers no newly discovered

3

evidence or any other substantiation that as a factual matter, he did not commit the crime of conviction. This objection is overruled.

Movant's next argument challenges issues related to his pretrial detention. Docket No. 24 at 2–3. On April 30, 2018, U.S. Magistrate Judge John D. Love held a detention hearing and determined that Movant should be detained. *See* 6:18-cr-16, Docket No. 37 at 64–66. Movant appealed Judge Love's determination to U.S. District Judge Robert Schroeder, who held a hearing October 10, 2018. On October 22, 2018, the Court ordered that Movant be detained pending trial based upon the Pretrial Services report and the testimony of Special Agent James Reed, Tyler Police Department Officer Gregory Harris, University of Texas at Tyler Police Department Officer Mike Medders, and Matthew Lack, Movant's former roommate. *See* 6:18-cr-16, Docket No. 149. The Court stated that "defendant's contentions that he was improperly detained based on perjured testimony, hearsay, and the submission of false police reports at the initial detention hearing before the Magistrate Judge, Docket No. 47 at 3, are unsupported by any evidence." *Id*. at 4.

Movant's objections concerning his pretrial detention are misplaced. As the Report correctly noted, the legality of pretrial detention is rendered moot by Movant's conviction. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging the legality of pretrial detention were rendered moot by conviction); *Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the

4

legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). Accordingly, these objections are overruled.

Movant next asserts that he did not waive his right to access legal materials necessary to prepare for his trial, sentencing, and appeal by choosing to represent himself in his criminal case. Docket No. 24 at 4. As Judge Mitchell correctly noted, a defendant who rejects the assistance of court-appointed counsel has no constitutional right to access a law library in preparing the pro se defense of his criminal trial. *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996); *Danmola v. United States*, 736 F.App'x 514 (5th Cir. 2018). Accordingly, this objection is without merit.

Movant next argues that if Charles Van Cleef had been his standby counsel, he would have argued the jurisdictional ground concerning whether the firearms dealers were federally licensed at trial before raising it on appeal.[1] Docket No. 24 at 4. But Movant does not explain why he could not and did not raise this ground at trial himself, regardless of who was appointed as standby counsel. Further, the Government presented considerable evidence at trial to show that the gun dealers were federally licensed, as the Fifth Circuit held in his direct appeal. *Yoo*, 813 F. App'x at 951. This objection fails.

Movant's next objection complains that Judge Mitchell "pretty much copied and pasted" Judge Schroeder's order concerning the denial of subpoenas that Movant

---

[1] Movant retained Van Cleef as defense counsel, but subsequently asked to proceed pro se. He then requested that Van Cleef be appointed as standby counsel. The Magistrate Judge denied this request.

5

requested before trial. Docket No. 24 at 4. Movant complains that he filled out a financial affidavit to show his inability to pay and that it was almost impossible to discover the location and custodian of the documents sought while incarcerated. As noted above, Movant had no right of access to a law library or legal materials once he rejected the assistance of court-appointed counsel. *Degrate*, 84 F.3d at 769. Further, Movant's arguments fail to demonstrate that the denial of his pretrial motions for subpoenas amounted to a constitutional violation. Finally, Movant provides no explanation for why he failed to raise this claim on direct appeal. Accordingly, Movant's objection on this point is without merit.

Movant next argues that his pretrial habeas petition was improperly denied as premature. Docket No. 24 at 5. But Movant did not appeal the denial of his pretrial habeas petition and as previously explained, challenges to pretrial detention are rendered moot upon conviction. *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988).

Movant's next objection relates to his second ground for relief—that 18 U.S.C. § 924(a)(1)(A) is void for vagueness. Docket No. 24 at 5. Movant argues that his appellate counsel did not argue that the statute was void for vagueness on direct appeal. Rather, Movant asserts that counsel only argued that he did not violate the statute. But, as Judge Mitchell explained, the Fifth Circuit's holding on direct appeal refutes the claim that the statute was vague. Docket No. 23 at 13. While Movant may not have raised this specific argument on appeal, the Fifth Circuit's decision necessarily implied that the statute was not void. Further, the Report observed that

the Fifth Circuit and other courts have rejected the claim that 18 U.S.C. § 924(a)(1)(A) is unconstitutionally vague. *Id.* Movant's objection on this point is without merit.

Movant then turns to his objections relating to vindictive prosecution. Docket No. 24 at 6. Movant contends that he was the victim of vindictive prosecution, asserting that the entire case against him started because he was fraudulently adjudicated as mentally defective.

Judge Mitchell's Report correctly stated that a claim of prosecutorial vindictiveness requires the movant to show either: (1) actual vindictiveness by presenting objective evidence that the prosecutor's actions were designed to punish a defendant for exercising his legal rights or (2) sufficient facts to give rise to a presumption of vindictiveness. *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008). Judge Mitchell reviewed Movant's pleadings and evidence and concluded that Movant failed to show any evidence of vindictive prosecution or sufficient facts to give rise to a presumption of vindictiveness. In addition, Movant failed to raise this claim on direct appeal. Movant's objections fail to controvert this conclusion and are without merit.

Movant next argues that the jury was biased by local news coverage and that a motion to change venue was denied. Docket No. 24 at 7. Judge Mitchell concluded that Movant failed to offer any evidence of jury bias and also failed to justify a change of venue. Docket No. 23 at 18–20. In his objections, Movant contends that he is "pretty sure" that he submitted media articles in support of his request to transfer venue, citing docket entries 73, 74, and 75. Docket No. 24 at 7. None of these docket

entries contains any newspaper articles or other media reports, much less shows an actual, identifiable prejudice attributable to adverse pretrial publicity. *See Moore v. Johnson*, 225 F.3d 495, 504 (5th Cir. 2000). Movant also failed to raise this claim on direct appeal. Movant's objection on this point is without merit.

Movant's next objection concerns the denial of his request for a bench trial. Docket No. 24 at 7. He argues that "the East Texas judges cannot be unbiased against me at this point and it was pretty much their duty to transfer venue so that I could have a fair trial and court hearings." *Id.* As Judge Mitchell's Report correctly notes, there is no constitutional right to a non-jury trial unless the trial court consents. Docket No. 23 at 20 (citing *United States v. Johnson*, 496 F.2d 1131, 1136 (5th Cir. 1974)). Here, the Court expressed concern about deciding Movant's guilt or innocence after Movant had already alleged multiple complaints of judicial misconduct. 6:18-cr-13, Docket No. 375 at 47. These comments were not indicative of bias but rather a concern that Movant was waiving his right to trial by jury in an effort to add an additional basis for appeal in the event he received a conviction. Movant has presented no evidence that the trial judge was biased against him. Further, Movant failed to raise this claim on direct appeal. His objection on this point is without merit.

Finally, Movant complains that he was "forced to swear on the Christian God" in front of the jury, despite the fact that he is not a Christian. Docket No. 24 at 7–8. Movant avers that "in East Texas however, a region that is fanatically religious and with limited intellect and lack of logical thinking, almost to some Middle Eastern

8

countries' levels, it does matter a lot." *Id.* After observing that this claim should have been but was not raised on direct appeal, Judge Mitchell explained that the fact Movant is not a Christian did not itself give rise to a presumption of different treatment by the jury and Movant's contention that the jury's perception of him "deteriorated" is only speculative, citing *United States v. Hoffman*, 806 F.2d 703, 710-11 (7th Cir. 1986). Movant provides nothing in his objections that warrants reconsideration of this conclusion. His objection on this point is without merit.

At the close of his objections, Movant contends that it is impossible for him to receive adequate justice in East Texas and requests a change of venue. However, a motion to vacate or correct sentence must be filed in the sentencing court. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987); Rule 3, *Rules Governing Section 2255 Proceedings in the United States District Courts*. Movant's request for a change of venue cannot be granted.

## C.

The Court has conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which Movant has objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court has determined that the Report of the Magistrate Judge is correct, and the Movant's objections are without merit. It is accordingly **ORDERED** that the Movant's objections are overruled, and the Report of the Magistrate Judge (Docket No. 23) is **ADOPTED** as the opinion of the District Court. It is further **ORDERED** that the Movant's motion to vacate or correct sentence

under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED** with prejudice.  A certificate of appealability is denied sua sponte.  All motions not previously ruled upon are **DENIED**.

So **ORDERED** and **SIGNED** this **28th** day of **June, 2023.**

                                            JEREMY D. KERNODLE
                                            UNITED STATES DISTRICT JUDGE